United States District Court
Southern District of Texas
FILED

MAR 2 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FINSA DEVELOPMENT CORPORATION §
§
vs. §
§
FACTORY MUTUAL INSURANCE §
COMPANY and FM GLOBAL §

CIVIL ACTION NO. _____

**B-02- 053**

## NOTICE OF REMOVAL OF DEFENDANTS FACTORY MUTUAL INSURANCE COMPANY AND FM GLOBAL

TO:   The United States District Court for the Southern District of Texas

COME NOW Factory Mutual Insurance Company and FM Global ("Defendants"), and file

this Notice of Removal of this cause to the United States District Court for the Southern District of

Texas, and would respectfully show the Court the following:

I.

On March 1, 2002, Plaintiff, Finsa Development Corporation, commenced an action against

Defendants in the 357th Judicial District Court of Cameron County, Texas, Cause No. 2002-03-900E.

Copies of all executed process, pleadings asserting a cause of action, answers to such pleadings and

orders that have been received by Defendants are attached hereto, along with a copy of the docket

sheet of the case.  There are no motions pending.

II.

The above-described action is one in which this Court has original subject matter jurisdiction

under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by

defendants pursuant to the provision of 23 U.S.C. §1441(a), in that it is a civil action between

citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Plaintiff is a corporation organized under the laws of the State of Texas. Factory Mutual Insurance Company is a Rhode Island corporation with its principal place of business in Rhode Island. FM Global is not an independent business entity, but is simply a trade name used in the insurance industry for Factory Mutual Insurance Company. Such citizenship of the Plaintiff and the Defendants as alleged above existed at the time this suit was commenced and remains unchanged at the time of removal. Complete diversity of citizenship exists as required by 28 U.S.C. §1441(b), and therefore removal is permissible.

Moreover, this case meets the jurisdictional amount in question required by Section 1441(a). Plaintiff alleges that it has suffered actual damages in the amount of $531,966.00, exemplary damages, pre and post judgment interest and attorneys' fees.

Given these allegations, which defendants deny in their entirety, plaintiff's petition on its face establishes that the amount in controversy is in excess of $75,000. Thus, this Court has subject matter jurisdiction under the provisions of 28 U.S.C. §1332.

III.

On March 20, 2002, Defendants will (i) serve Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) by serving a copy of this Notice of Removal on her and (ii) file a copy of this Notice of Removal with the Clerk of the 357th Judicial District Court of Cameron County, Texas, where the action is currently pending.

IV.

This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days after March 7, 2002, the date the Defendants first received a copy of Plaintiff's Original Petition.

V.

There are no other defendants, the joinder of whom would be required under 28 U.S.C. §1441(b).

WHEREFORE, Defendants Factory Mutual Insurance Company and FM Global pray that the above-styled action now pending against it in the State Judicial District Court of Cameron County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

By:_____
John C. Hart, Attorney in Charge
State Bar No. 09147600
Southern District Bar No. 17952

BROWN, HERMAN, DEAN, WISEMAN,
LISER & HART, L.L.P.
200 Fort Worth Club Building
306 West 7th St.
Fort Worth, Texas 76102-4905
(817) 332-1391 (Telephone)
(817) 870-2427 (Telecopier)

OF COUNSEL:

Frank E. Perez
State Bar No. 15776540
Southern District Bar No. 1930
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78520
(956) 504-5403 (Telephone)
(956) 504-5991 (Telecopier)

and

Grant Liser
State Bar No. 12415000
BROWN, HERMAN, DEAN, WISEMAN,
     LISER & HART, L.L.P.
200 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4905
(817) 332-1391 (Telephone)
(817) 870-2427 (Telecopier)

**ATTORNEYS FOR DEFENDANTS**
**FACTORY MUTUAL INSURANCE**
**COMPANY and FM GLOBAL**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record as follows on this the _20th_ day of March, 2002:

*Certified Mail*
Mr. T. Mark Blakemore
Rentfro, Faulk & Blakemore, L.L.P.
185 E. Ruben Torres, Sr. Boulevard
Brownsville, Texas  78520

John C. Hart

United States District Court
Southern District of Texas
FILED

MAR 2 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FINSA DEVELOPMENT CORPORATION    §
                                 §
vs.                              §        CIVIL ACTION NO.  B-02- 053
                                 §
FACTORY MUTUAL INSURANCE         §
COMPANY and FM GLOBAL            §

## <u>INDEX OF MATTERS FILED</u>

<u>DESCRIPTION</u>

1.    Citation for Personal Service by Certified Mail on Factory
      Mutual Insurance Company

2.    Citation for Personal Service by Certified Mail on FM Global

3.    Plaintiff's Original Petition

4.    Motion to Transfer Venue of Defendants Factory Mutual
      Insurance Company and FM Global and Subject Thereto
      Original Answer (Subject to Motion to Transfer Venue)

5.    Civil Docket Sheet

6.    List of Counsel of Record

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2002-03-000900-E

T H E   S T A T E   O F   T E X A S

*Received by JCH*
**COPY**   MAR 1 8 2002

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FACTORY MUTUAL INSURANCE COMPANY
    SERVING ITS REGISTERED AGENT:
    MICHAEL C. WILLIAMS
    5800 GRANITE PARKWAY SUITE
    GRANITE PARK ONE
    PLANO, TEXAS 75024
the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on  MARCH 01, 2002  .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-03-000900-E.

The style of the case is:

FINSA DEVELOPMENT CORPORATION
VS.
FACTORY MUTUAL INSURANCE COMPANY AND FM GLOBAL

Said petition was filed in said court by        HON. T. MARK BLAKEMORE
(Attorney for        PETITIONER        ), whose address is
185 E. RUBEN TORRES, SR. BLVD. BROWNSVILLE, TX  78526-9136        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  4th day of  MARCH , A.D. 2002.

```
┌─────────────────────────────────┐
│   ATTACH RETURN RECEIPTS WITH   │
│      ADDRESSEE'S SIGNATURE      │
│                                 │
│ Rule 106 (a)(2):  The citation  │
│ shall be served by mailing to   │
│ the defendant by Certified Mail,│
│ Return Receipt Requested, a true│
│ copy of the citation.           │
│                                 │
│ Sec. 17.027, Rules of Civil     │
│ Practice and Remedies Code, if  │
│ not prepared by Clerk of Court. │
│                                 │
│ ─────────────────────────────── │
│ NAME OF PREPARER        TITLE   │
│                                 │
│ ─────────────────────────────── │
│ ADDRESS                         │
│                                 │
│ ─────────────────────────────── │
│ CITY          STATE       ZIP   │
└─────────────────────────────────┘
```

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the __4th__ of

__MARCH__ __2002__, I mailed to

__FACTOR MUTUAL INSURANCE COMPANY__

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. __1461469658__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By:_____ Deputy

2

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2002-03-000900-E

## T H E   S T A T E   O F   T E X A S



NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FM GLOBAL
    SERVING ITS REGISTERED AGENT:
    MICHAEL C. WILLIAMS
    5800 GRANITE PARKWAY SUITE,
    GRANITE PARK ONE
    PLANO, TX 75024
the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on  MARCH 01, 2002  .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-03-000900-E.

The style of the case is:

FINSA DEVELOPMENT CORPORATION
VS.
FACTORY MUTUAL INSURANCE COMPANY AND FM GLOBAL

Said petition was filed in said court by        HON. T. MARK BLAKEMORE
(Attorney for        PETITIONER        ), whose address is
185 E. RUBEN TORRES, SR. BLVD. BROWNSVILLE, TX  78526-9136

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  4th  day of  MARCH , A.D. 2002.

AURORA DE LA GARZA        DISTRICT CLERK

<table>
<tr><td>

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER                    TITLE

ADDRESS

CITY              STATE        ZIP

</td></tr>
</table>

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the __4th__ of

__MARCH__  __2002__,  I mailed to

**FM GLOBAL**

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.  __1461469641__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__ District Clerk
Cameron County, Texas

By: _____ Deputy

3



CAUSE NO. 2002·03· 900·E

| | |
|---|---|
| FINSA DEVELOPMENT CORPORATION § | IN THE 357th JUDICIAL DISTRICT |
| § | |
| *Plaintiff* § | |
| § | |
| VS. § | COURT OF |
| § | |
| FACTORY MUTUAL INSURANCE § | |
| COMPANY and FM GLOBAL § | |
| *Defendants* § | CAMERON COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

FINSA DEVELOPMENT CORPORATION, plaintiff, complains of FACTORY MUTUAL INSURANCE COMPANY and FM GLOBAL, defendants, and for cause of action would show the following:

### PARTIES

FINSA DEVELOPMENT CORPORATION, plaintiff, is a corporation organized under the laws of the state of Texas, engaged in business as a general contractor with its registered office and principal place of business at 973 South Minnesota, Brownsville, Cameron County, Texas 78521.

FACTORY MUTUAL INSURANCE COMPANY, defendant, a foreign corporation organized and existing under the law of the state of Rhode Island, is authorized to do business in the state of Texas and may be served with process by serving its registered attorney for service of process, Michael C. Williams, at 5800 Granite Parkway Suite, Granite Park One, Plano Texas.

FM GLOBAL, defendant, an entity affiliated with Factory Mutual Insurance Company is

Plaintiff's Original Petition
w·/00060/" TMB/DPW                                    1

organized and operating under the laws of the state of Rhode Island, is authorized to do business in

the state of Texas and may be served with process by serving its registered attorney for service of

process, Michael C. Williams, at 5800 Granite Parkway Suite, Granite Park One, Plano Texas.

## A. DISCOVERY CONTROL PLAN

Plaintiff FINSA DEVELOPMENT CORPORATION pleads that discovery should be

conducted in accordance with a LEVEL 2 discovery control plan pursuant to Texas Civil Procedure

Rule 190.3.

## B. VENUE

Venue is proper in Cameron County, Texas pursuant to Section 15.002(a)(1) of the Texas

Civil Practice and Remedies Code in that Cameron County is the county in which all or a substantial

part of the events or omissions giving rise to Plaintiff's claim occurred.

## C. FACTUAL BACKGROUND

In 1999 Walnut Grove LLC sent building specifications to FINSA and other contractors and

asked them to bid on the construction of a warehouse Walnut Grove sought to build in Los Indios,

Texas. Said warehouse was to have an ESFR sprinkler system acceptable to Walnut Grove's insurer

the defendants herein, Factory Mutual Insurance Company and FM Global (hereinafter collectively

referred to as Factory Mutual).  At approximately the same time, Walnut Grove sent a copy of the

specifications to Factory Mutual for their review and comment.  In response to Walnut Grove's

request, Factory Mutual issued a letter dated May 26, 1999, which stated that the Early Suppression

Fast Response (ESFR) sprinkler protection system for the warehouse was acceptable.  Factory

Mutual also stated in its letter that the ESFR system should be a K-14 system designed for 12

sprinkler heads to operate at 75 psi.  At the time it issued the letter, Factory Mutual knew or should

have known that Walnut Grove intended to store Easter grass in the warehouse and that Easter grass was an expanded plastic. Factory Mutual knew the system it was recommending was not approved for use with an expanded plastic. In providing the letter of May 26, 1999, Factory Mutual also knew or should have known that the letter would be given to contractors for bidding, design and construction purposes and that the specification of an improper system could have serious adverse economic effects upon the contractors relying upon the letter.

FINSA received the May 26 letter and entered into a Walnut Grove contract in reliance upon the Factory Mutual letter. In accordance with the contract requirement that FINSA provide an ESFR sprinkler system satisfactory to Factory Mutual, FINSA designed a K-14 system at 75 psi in accordance with Factory Mutual's directions as set forth in its letter of May 26, 1999. After the building was constructed, and only two months before the stated contract completion date, Factory Mutual disclosed to FINSA that Easter grass, one of the products Walnut Grove intended to store in the warehouse, was an expanded plastic and, therefore, Factory Mutual's original specification of a K-14 sprinkler system would not suffice. Instead, Factory Mutual proposed a K-25 sprinkler system costing one hundred and forty thousand dollars more than the K-14 system. The K-25 sprinkler system proposed by Factory Mutual was not approved by the National Fire Protection Association or the building code of Los Indios and, therefore, was rejected repeatedly by the city of Los Indios. As a result, FINSA was prevented from completing the building because the Factory Mutual's K-25 design was not approved by the National Fire Protection Association or the building code of Los Indios and, therefore, could not lawfully be installed nor would it comply with FINSA's contract with Walnut Grove. Even after it conceded that it had provided erroneous instructions concerning the type of fire protection system required, Factory Mutual failed to take prompt action

to attempt to solve the problem it had created. It acceded to the Walnut Grove's demands that the system be an ESFR system, even though Factory Mutual knew that only a conventional in-rack sprinkler system was approved by the National Fire Protection Code for the storage of expanded plastics in a building the height of the warehouse in question. Further, Factory Mutual did not even begin to perform testing needed to seek a variance for the K-25 design it proposed until after the planned completion date.

By letter dated March 29, 2000 from Factory Mutual, plaintiff learned for the first time that Factory Mutual was no longer approving the ESFR system with K-14 heads and that Factory Mutual considered Easter grass an expanded plastic. Plaintiff did not know and in the exercise of reasonable care could not have known that Easter grass was an expanded plastic.

Factory Mutual has made repeated knowing misrepresentations of fact that were relied upon by plaintiff to its detriment, namely regarding the classification of Easter grass as an unexpanded plastic. Factory Mutual was aware of, and had information in its possession, that Easter grass was classified as an expanded plastic when it approved the original system.

### D. CAUSES OF ACTION

### (1) FRAUD

The defendant's conduct as describe above was the producing cause of plaintiff's economic damages. Plaintiff further alleges that each and every one of the representations as set forth in the preceding paragraphs concerned material facts that plaintiff would not have relied upon had plaintiff known about the falsity of the representations. Each and every one of the representations was relied upon by plaintiff to plaintiff's substantial injury and damage as more fully described below.

Plaintiff further alleges that because defendants' knew that the representations described above were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, the plaintiff will show that it has incurred significant expenses, including attorneys fees, in the investigation and prosecution of this action. Accordingly plaintiff requests that exemplary damages be awarded against the defendant.

## (2) NEGLIGENT MISREPRESENTATIONS

In the alternative, the facts set forth in the preceding paragraphs give rise to a cause of action for negligent misrepresentations as the representations were made by defendants in the course of defendants' business, defendants supplied false information for the guidance of the plaintiff and the defendants failed to exercise reasonable care and competence in obtaining or communicating the information. At all times material, the representations were justifiably relied upon by plaintiff and proximately caused the plaintiff's damages.

## E. NOTICE

All conditions precedent necessary to maintain this action have been performed or have occurred.

## F. CAUSATION: ACTUAL DAMAGES

(a) The conduct described herein was a producing and proximate cause of damages to plaintiff. The amount of plaintiff's damages exceed the minimum jurisdictional limits of this court.

(b) The actual damages to date include money still owed on the contract with Walnut Grove in the amount of $531,966.00 that has not been paid because of a dispute between Walnut Grove and Plaintiff over installation of the fire protection system, such dispute being due to the actions of

Plaintiff's Original Petition
w:/00060/ TMB/DPW

Plaintiff further alleges that because defendants' knew that the representations described above were false at the time they were made, the representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, the plaintiff will show that it has incurred significant expenses, including attorneys fees, in the investigation and prosecution of this action. Accordingly plaintiff requests that exemplary damages be awarded against the defendant.

## (2) NEGLIGENT MISREPRESENTATIONS

In the alternative, the facts set forth in the preceding paragraphs give rise to a cause of action for negligent misrepresentations as the representations were made by defendants in the course of defendants' business, defendants supplied false information for the guidance of the plaintiff and the defendants failed to exercise reasonable care and competence in obtaining or communicating the information. At all times material, the representations were justifiably relied upon by plaintiff and proximately caused the plaintiff's damages.

## E. NOTICE

All conditions precedent necessary to maintain this action have been performed or have occurred.

## F. CAUSATION: ACTUAL DAMAGES

(a) The conduct described herein was a producing and proximate cause of damages to plaintiff. The amount of plaintiff's damages exceed the minimum jurisdictional limits of this court.

(b) The actual damages to date include money still owed on the contract with Walnut Grove in the amount of $531,966.00 that has not been paid because of a dispute between Walnut Grove and Plaintiff over installation of the fire protection system, such dispute being due to the actions of

defendants.

(c) Because of the actions of Factory Mutual, plaintiff has been forced to defend itself in a lawsuit filed by Walnut Grove.

## G. ATTORNEY FEES

Defendant's conduct as described in this petition and the resulting damages and losses to plaintiff has necessitated plaintiff's retention of the services of the undersigned attorneys. Plaintiff is therefore entitled to recover from the defendants' an additional sum to compensate plaintiff for a reasonable fee for such attorney's fees in the preparation and prosecution of this action, as well as a reasonable fee in the event of any subsequent appeals.

## H. DEMAND FOR JURY

Plaintiff demands a trial by jury. Plaintiff's jury fee in the amount of $30.00 is tendered with this petition.

**WHEREFORE**, plaintiff requests that defendant be cited to  appear and  answer, and that on final trial, plaintiff have:

1. Judgment against defendants for actual damages, together with pre-judgement interest as provided by law.

2 Judgment against defendants for exemplary damages in a sum to be determined by the trier of fact.

3.  Interest after judgment as provided by law.

4. Costs of suit.

Plaintiff's Original Petition

5. Reasonable and necessary attorney fees.

6. Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

Rentfro, Faulk & Blakemore, L.L.P.

Of Counsel:
**Rentfro, Faulk & Blakemore, L.L.P.**
185 E. Ruben Torres, Sr. Boulevard
Brownsville, Texas 78520
Tel: (956) 541-9600
Fax: (956) 541-9695

**T. Mark Blakemore**
SBOT # 02431800
CCID# 448303
**Daniel P. Whitworth**
SBOT # 24008275
Attorneys for the Plaintiff

4

CAUSE NO. 2002-03-900-E

| | | |
|---|---|---|
| FINSA DEVELOPMENT CORPORATION | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY and FM GLOBAL | § | |
| | § | |
| Defendants | § | 357TH JUDICIAL DISTRICT |

## MOTION TO TRANSFER VENUE OF DEFENDANTS
## FACTORY MUTUAL INSURANCE COMPANY AND FM GLOBAL
## AND SUBJECT THERETO, ORIGINAL ANSWER
### (Subject to Motion to Transfer Venue)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Factory Mutual Insurance Company and FM Global ("Answering Defendants"), and file this Motion to Transfer Venue and Subject Thereto, Original Answer to Plaintiff's Original Petition. Answering Defendants would respectfully show the Court as follows:

I.

## MOTION TO TRANSFER VENUE

Answering Defendants move to transfer venue to Collin County or another county of proper venue for the reasons set forth below.

Factory Mutual Insurance Company is a corporation. FM Global is not an independent business entity, but is simply a trade name used in the insurance industry for Factory Mutual Insurance Company. Under the applicable venue law, a suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office"

in Texas or (2) in the county where "all or a substantial part of the events or omissions giving rise to the claim occurred...." Tex. Civ. Prac. & Rem. Code Ann. §15.002(a) (West Supp. 1997).

Answering Defendants:

(1)     specifically deny that Cameron County is, or was at the time that Plaintiff's purported causes of action accrued, the county of these or any other defendant's principal office in Texas;

(2)     specifically deny that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claims occurred in Cameron County; and

(3)     specifically deny that any individual defendant resided in Cameron County at the time Plaintiff's purported causes of action accrued.

Venue of Plaintiff's claims is improper in Cameron County, and Answering Defendants request that venue be transferred to Collin County, the county of Defendant Factory Mutual Insurance Company's "principal office" in Texas, as that term is defined in Tex. Civ. Prac. & Rem. Code Ann. §15.001(a) (West Supp. 1997), or to another county of proper venue.

II.

## SUBJECT TO DEFENDANTS' MOTION TO TRANSFER VENUE, ORIGINAL ANSWER

A.     Subject to their Motion to Transfer Venue, Answering Defendants deny all of the allegations contained in the Plaintiff's Original Petition and demand that each of those allegations be proved by a preponderance of the evidence as requested by the Texas Rules of Civil Procedure.

B.     Subject to their Motion to Transfer Venue, the Answering Defendants would respectfully ask that this action be dismissed because the Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, the Answering Defendants ask that venue be transferred to Collin County, or another county of proper venue, that the Plaintiff take nothing by her suit, that Answering Defendants recover their costs and for such other and further relief, at law or in equity, to which the Answering Defendants are entitled and to which the Court and jury believe they deserve.

Respectfully submitted,

BROWN, HERMAN, DEAN,
WISEMAN, LISER & HART, L.L.P.

John C. Hart
State Bar No. 09147600
Grant Liser
State Bar No. 12415000

200 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4905
Tel:    (817) 332-1391
Fax:    (817) 870-2427

PEREZ & ASSOCIATES
Frank E. Perez
State Bar No. 15776540
536 Paredes Line Road
Brownsville, Texas 78520
Tel:    (956) 504-5403
Fax:    (956) 504-5991

ATTORNEYS FOR DEFENDANTS
FACTORY MUTUAL INSURANCE
COMPANY and FM GLOBAL

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record as follows on this the _20th_ day of March, 2002:

*Certified Mail*
Mr. T. Mark Blakemore
Rentfro, Faulk & Blakemore, L.L.P.
185 E. Ruben Torres, Sr. Boulevard
Brownsville, Texas 78520

John C. Hart

W:\JHART\Highland-Walnut Grove FM\Pleadings\Original Answer&MTV.wpd

5

PAGE: 01

2002-03-000900-E

03    01    02

30.00

RENTFRO,
FAULK & BLAKEMORE,

CERTIFIED COPY

*  *  *  C L E R K ' S   E N T R I E S  *  *  *  *

00448303
HON. T. MARK BLAKEMORE
185 E. RUBEN TORRES, SR. BLVD.
BROWNSVILLE, TX    78526 9136

CORPORATION

MPANY AND FM GLOBAL

(10)
NEGLIGENCE/DAMAGES

03/01/02  ORIGINAL PETITION FILED
03/01/02  JURY FEE: Pd. by HON. T. MARK BLAKEMORE
03/04/02  CITATION (CM): FACTOR MUTUAL INSURANCE COMPANY
03/04/02  SERVED:
03/04/02  CITATION (CM): FM GLOBAL
03/04/02  SERVED:



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
DATE MAR 18 2002
BY _____ DEPUTY

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FINSA DEVELOPMENT CORPORATION §
§
vs.                              §          CIVIL ACTION NO. B-02-053
§
FACTORY MUTUAL INSURANCE         §
COMPANY and FM GLOBAL            §

## LIST OF COUNSEL OF RECORD

Mr. T. Mark Blakemore
Rentfro, Faulk & Blakemore, L.L.P.
185 E. Ruben Torres, Sr. Boulevard
Brownsville, Texas 78520
(956) 541-9600 (Telephone)
(956) 541-9695 (Telecopier)

**Attorneys for Plaintiffs**

John C. Hart, Attorney in Charge
State Bar No. 09147600
Southern District Bar No. 17952
BROWN, HERMAN, DEAN, WISEMAN,
    LISER & HART, L.L.P.
200 Fort Worth Club Building
306 West 7th St.
Fort Worth, Texas 76102-4905
(817) 332-1391 (Telephone)
(817) 870-2427 (Telecopier)

OF COUNSEL:

Frank E. Perez
State Bar No. 15776540
Southern District Bar No. 1930
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78520
(956) 504-5403 (Telephone)
(956) 504-5991 (Telecopier)
and
Grant Liser
State Bar No. 12415000
BROWN, HERMAN, DEAN, WISEMAN,
    LISER & HART, L.L.P.
200 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4905
(817) 332-1391 (Telephone)
(817) 870-2427 (Telecopier)

**Attorneys for Defendants Factory Mutual
Insurance Company and FM Global**