IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FINSA DEVELOPMENT CORPORATION | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-053 |
| | § | |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY and FM GLOBAL | § | |

## AGREEMENT AND STIPULATED PROTECTIVE ORDER

By agreement of the undersigned parties, FINSA Development Corporation and Factory Mutual Insurance Company (hereinafter referred to as "parties") for good cause and upon a joint oral motion for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT,

1. Except as used in the ordinary course of business by the person owning interests in same, all Confidential Information, as defined below, revealed, disclosed, produced or examined in the course of this litigation shall be used solely for the purpose of preparation, trial, appeal, and/or settlement, if any, of this litigation and for no other purpose whatsoever; such Confidential Information shall not be used by, or disclosed to, any person except in accordance with the terms hereof; and, such Confidential Information shall not be used by, disclosed to, or made available to persons other than Qualified Persons, except by Order of this Court or by prior written consent of the party owning interests in same.

2. The Clerk of this Court, and the undersigned are directed to maintain in confidence under seal all documents and transcripts of deposition testimony, answers to interrogatories, and similar matters to be filed in this litigation which have been designated, in whole or in part, as Confidential Information by any of the undersigned.

3. a. "Confidential Information," as used herein, means any information of any type, kind or character involved in this litigation which is designated as confidential by any party supplying same, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise, and includes and extends to any photocopy, reproduction or transcription of any such information in whatever form. Information which has been generally available to the public, including, for example, published annual reports and the like. shall not be deemed confidential.

b. Documents produced by a party may be designated as "Confidential Information" by marking the pages containing such information substantially as follows:

**CONFIDENTIAL**

any other materials and/or information not so marked may be designated as "confidential" and described specifically in a letter to the undersigned. Such unmarked but so specifically designated material or information shall, from the date of receipt of the letter, be treated under this stipulation and order the same as if it had been marked "Confidential." Any documents obtained prior to the date of this Order shall not be rendered confidential by such designation even though they may be the same or similar to documents designated as confidential hereunder. If the party designating the documents as confidential discovers the existence of documents which were obtained prior to the date of this Order, but which have subsequently been designated as confidential, the party designating such documents as confidential may seek to have such documents designated as confidential under the provisions of this Order and, if an agreement cannot be reached, seek an order declaring such confidentiality from the Court.

4. "Qualified Persons," as used herein, means:

a. Attorneys and law firms of record, any attorneys designated as "of counsel" in the pleadings in this case as of the date of the parties' agreement to this stipulation, other attorneys or law firms who represent the parties to this litigation in connection with this litigation, and regular employees of such attorneys whose access to such Confidential Information is necessary for purposes of preparing, trying, appealing and/or settling this litigation;

b. A party's in-house counsel, if any, (and such counsel's secretarial staff) working on this litigation to whom it may be necessary that such information be shown for the purpose of preparation, trial, appeal, and/or settlement, if any, of this litigation;

c. Independent third parties retained or used by attorneys of record in this litigation solely for the purpose of preparation and/or trial of this litigation, such as independent technical experts or consultants, who agree to be bound by this Order prior to disclosure and sign an appropriate sheet indicating that he or she has read the Order and agrees to be so bound. Such sheet shall be maintained by the attorney of record revealing such "Confidential Information" to such third party in a folder labeled "Confidential Information Stipulation" with a copy of the Order.

d. The parties, their designated agents and employees, and officers and employees of a corporate party, who are working on this litigation and to whom it is necessary that such information be shown for purposes of preparation, trial, appeal and/or settlement of this litigation only, who shall be identified pursuant to the same procedure identified in the immediately preceding paragraph and so agree to be bound after reading the Order.

e. Employees of Ziwa Construction, Grinell Fire Protection Systems, or Firecheck of Texas who are potential witnesses in the above referenced matter and who agree to be bound by this Order prior to disclosure and sign an appropriate sheet indicating that he or she has read the Order

and agrees to be so bound. Such sheet shall be maintained by the attorney of record revealing such "Confidential Information" to such third party in a folder labeled "Confidential Information Stipulation" with a copy of the Order.

  f. Any other person who is designated as a Qualified Person by written agreement of the undersigned, or by Order of this Court, after notice to the undersigned parties and opportunity to be heard for all parties.

  5. Information disclosed at a deposition may be designated by any party as "Confidential Information" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order; additionally, and alternatively, any party may also designate information disclosed at such deposition as confidential by notifying all counsel in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that are deemed confidential. Each counsel and party. upon such designation, shall attach a copy of such written designation to the face of the transcript and each copy thereof in his possession, custody or control. The failure of a party to object at the time of disclosure waives any sanctions for disclosure made between that time and any later designation of the document as "Confidential."

  6. Confidential material may be disclosed to a deponent during the course of a deposition if the attorney making such disclosure first delivers a copy of this Protective Order to such deponent, advises the deponent that pursuant to this Protective Order such person may not divulge such confidential material to any other person, and obtains a signed Agreement in the form described in paragraph 4(c) above. Nothing herein shall prevent any counsel of record from utilizing Confidential Information, in accordance with the terms of this Order, in the examination of any person or employee/agent of any party who is alleged to be or has claimed to be the author, or source of the Confidential Information, regardless of which party produced such information; provided, that

such Confidential Information and testimony shall be adequately protected in accordance herewith. Nothing herein shall prevent a party from examining an opposing party or its agents or employees with confidential documents, provided, that such Confidential Information and testimony shall be adequately protected in accordance herewith.

7. A party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of information as Confidential, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, an objecting party may seek review by the Court and the party asserting confidentiality shall have the burden of proving same.

8. The inadvertent or unintentional disclosure of confidential information that is not designated 'Confidential Information' or of information privileged or otherwise exempt from disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or of privilege or other exemption from disclosure, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; and designation of Confidential Information or of privilege or other exemption from disclosure hereunder may be made at any time to be effective upon and after such designation except as otherwise provided herein.

9. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any of the undersigned from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular material designed hereunder or herein as confidential.

10. In the event that a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Confidential Information shall be treated confidentially in accordance herewith and filed and maintained under seal with the Court; in addition, a duplicate copy thereof (with all Confidential Information deleted therefrom) may be filed in the records available to the public.

11. Unless otherwise agreed to in writing by the undersigned or ordered by the Court, all proceedings other than the trial of this cause involving such Confidential Information shall be conducted *in camera*. Nothing in this Order is intended to prevent any party from seeking to use or admit such confidential information into evidence at the trial of this matter. Confidential Information shall be treated confidentially in accordance with this Order and filed and maintained under seal with the Court.

12. Following the conclusion of this litigation by final order or appeal, no Confidential Information shall be retained in the possession, custody or control of anyone who obtained same in connection with this litigation. Within sixty (60) days after the conclusion of this litigation by final order or appeal, all documents, including deposition transcripts, designated as Confidential Information, and all photocopies or other copies thereof, as well as Confidential Information, derived in any way therefrom, shall be returned to the person who owns the same or be destroyed, except as this Court may otherwise order. The provisions of this Protective Order shall continue to be effective after the conclusion of this litigation except that the undersigned may seek written permission from the producing party or, upon good cause with notice and hearing, seek an Order of the Court with respect to dissolution or modification of such Protective Order.

13. Any party (or party's attorney) designating any person as a Qualified Person, and/or disclosing Confidential Information to any such disclosee, shall have the duty to insure that such

person reads a copy of the Order and signs a sheet agreeing to be bound by the Order pursuant to the procedure described in paragraph 4(c) above.

14. Nothing contained in this Order, and no action taken pursuant to this Order or the agreement pursuant to which it is entered, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Order.

15. Nothing in this Order in any manner defines the scope of discovery or the materials to be produced in this litigation.

16. No mention of this Protective Order or its entry by the Court or the existence of the agreement pursuant to which it is entered shall be made in the presence of the jury without leave of Court.

17. FAILURE TO ABIDE BY THE TERMS OF THIS ORDER MAY SUBJECT SUCH PARTY AND HIS/HER/ITS COUNSEL TO SANCTIONS FOR CONTEMPT OF COURT.

SIGNED this _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO SUBSTANCE AND FORM

_____
Mr. T. Mark Blakemore
Rentfro, Faulk & Blakemore, L.L.P.
185 E. Ruben Torres, Sr. Boulevard
Brownsville, Texas 78520
COUNSEL FOR FINSA DEVELOPMENT
CORPORATION
Fed Ct. ID # 1915

_____
John C. Hart
Brown, Herman, Dean, Wiseman, Liser &
Hart, LLP
200 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4905
COUNSEL FOR FACTORY MUTUAL
INSURANCE COMPANY

W:\JHART\Highland-Walnut Grove FM\Pleadings\ProtectiveOrder.wpd